Next case on the calendar is United States v. Smilowitz, No. 19-361. Ms. Aldaya. Good morning, Your Honors. And may it please the Court, my name is Donna Aldaya, and I represent Mr. Smilowitz. Your Honors, this case actually presents three novel issues for this Court's consideration. The first one deals with the question of whether the defendant's guilty plea waived this particular claim and, therefore, bars it on appeal. Now, that issue is governed, really, by the Supreme Court's decision in class in which the Court said that where a claim implicates the very power of the State to prosecute the defendant, a guilty plea cannot by itself bar it. This is an extension of class into a context where we're not dealing with the constitutionality of the underlying statute, but it is nonetheless the type of claim that is encompassed by class's reasoning and class's dictum. I'm not really understanding that, because it seems to me that it's pretty clear that the district court had jurisdiction over an alleged Federal crime. And what you're saying is that the facts alleged in the indictment didn't make out that crime because of the client's purpose. So to help me if I'm misunderstanding, because I can't, under Baldy, for example, we have distinguished between a 12b-6 motion, basically, and a 12b-1 in the criminal context. So why did this really go to the jurisdiction of the Federal Court? Your client isn't challenging the constitutionality of the underlying statute, is he? No, he's not challenging the constitutionality. However, this is not like Baldy from this Court, and it's actually a lot more that I guess the answer to Your Honor's question is crystallized in a case called United States v. St. Hubert, which is cited in our reply brief, actually. St. Hubert. Now, St. Hubert is interesting because this is a post-class case that was decided in the Eleventh Circuit, and the Court there distinguishes between the constitutional challenge and the statutory challenge. And what the Court says with respect to the statutory challenge is the government's proof of the alleged conduct, no matter how overwhelming, would have brought it no closer to showing the crime charged than would no proof at all. That is the key distinction. Mr. Smilowitz admits everything charged in the indictment, every single factual allegation in the indictment. He admits it all, but it still does not constitute a Federal crime. And it doesn't constitute a Federal crime because there simply is no Federal nexus. That is the question. But aren't we still talking about how to interpret the statute and whether the unitary registration system in New York means that a, you know, buying registrations on the form implicate, even if you do that with the immediate purpose of affecting a local election, actually has Federal consequences and therefore is a Federal crime? Well, but that interpretation is not one that would be decided by a trier of fact, and that's really the distinction. So the question is, if you've got a claim where a defendant pleads guilty and then he comes in on appeal and he says, I'm challenging the elements of the indictment, I'm challenging the sufficiency of the indictment, meaning I'm challenging the people's proof, then what that means is the courts have said, you can't do that because why would he not have entered a conditional guilty plea if he wished to reserve that question and eliminate any problem here? I mean, that's kind of a post hoc question, but did you represent him or I did not, Your Honor. And certainly that would have been clearer, but it doesn't alter the fact that this still survives based on Class's reasoning and based on, you know, other case law. Actually, with Mr. Henry's case. And why is Baldi not controlling? Yes. I was actually just about to say that. With respect to Baldi. So Baldi is a case that actually is very similar to Cotton and to other cases. So in Baldi, there was a failure of the indictment to charge unlawful possession of a firearm to allege that an alien knew that he was legally present in the United States. So what was not alleged was the element of knowledge in the indictment. That's similar to Cotton. It's similar to other proceeding cases where basically it is a deficiency of proof. In other words, notwithstanding the failure of the allegation in the indictment, if the case had gone to trial, then at trial the government could have provided sufficient evidence. So it's a question of fact. He's challenging that element of knowledge. Here, this is much more like this Court's decision in United States v. Evander End, and I apologize. I actually found that decision when I was prepping for this argument. But that case was decided around the same time as United States v. Baldi. And the citation is 943 F. 3rd 98. Now, in that case, the Court there actually looks at class. It says, We've previously held that a criminal defendant who pleads guilty waives the argument that the indictment to which he pled failed to adequately allege a nexus between his conduct in the United States. So that is United States v. Yousef, Cotton, Baldi. It's all of those cases. But then the Court goes on to say, However, the Supreme Court in class has since clarified that a guilty plea does not by itself bar a criminal defendant from challenging the constitutionality of the statute, and although criminal defendants cannot contradict the terms of the the statute of conviction that can be resolved without the need to venture beyond  Sotomayor, let me ask you, suppose your client had told these individuals that, look, I want you to sign up and, you know, vote, you know, even though you don't live here, et cetera, et cetera, I want you to sign up, go to the polls, and vote libertarian in this election. And we want to have a really big libertarian show up, because, you know, the general Federal election is coming up in the fall, and we've got a libertarian on the ballot that we want to help. Violation of this statute? Depends. So if there was a Federal candidate on the ballot during that election First time, no Federal candidate anywhere. Okay. But they are told this is the purpose of getting them registered now. So that would be similar to United States v. Ciannulli. Violation of the statute. I'm probably mispronouncing that. And in that case, what the Court actually did is it set up two possibilities. One is you have a situation where there's actually a Federal candidate on the ballot. Not our case. And not our case. But that would be, intent doesn't matter then, right? That's clearly covered under the Federal statute. The second possibility is that the registration The proof evidenced some intention to influence a Federal election at some time in the near distant future, near future. I would say that in that case, that is a much stronger argument for the applicability of the statute. And certainly under United States Understanding the fact that the statute does not, arguably would not reach that. Yes. And the reason that I would say that is I'm trying to find the logic of all the cases, including the District Court case in Ciannulli, which I'm probably, again, mispronouncing. And basically the argument is this. There has to be a Federal nexus. And that Federal nexus can be established in two ways. One way is, regardless of intent, there's a candidate on the ballot for Federal office. The second way is, there is no candidate on the ballot in that election year, but the Federal nexus is that the purpose is to influence the Federal election. This is different, because it's missing both of those parts. They're second. But why does the purpose part have to be, have to be, why is that important when we're talking about a nexus question? Simple nexus question. You know, you have to have a Federally insured bank. So here, this registration is available for local elections and for Federal elections. Once I register, I can vote without having to do anything more in a Federal election. Why isn't that sufficient? Because in this case, the year in which this registration happened and the whole purpose behind the registration was purely to influence the local election.  I'm saying, I'm drawing a distinction between effect and purpose and saying, you know, it happens to also have a Federal consequence because the person can vote in a Federal election, period. No purpose, no desire to do that. It had nothing to do with anything the defendants were thinking about. Why isn't that enough? Because it's speculative. Because they're Why is it speculative? That's what the registration allows. It's not speculative. Because the registration for the registration still requires, the laws of the State still require that you would re-register if you move, if you're no longer living at that address. No, but if you do, if you are at that address and you have filed a false registration or say you have, and on that basis, you're eligible now to vote in a Federal election at some point in the future, even though you've never even thought about it and probably don't care, but it's still possible. Why isn't that enough? Possibility, I would argue, Your Honor, would not be sufficient to establish Well, that's where we're trying to draw a line here. Correct. And I think that's what the government's about to argue. I draw a distinction in my mind between a registration, which allows you to vote in Federal elections, and a particular vote in a particular case, which is for a local election. If you buy that vote, there's nothing Federal about it. Correct. All right. You have reserved two minutes for rebuttal. We'll hear from the government. May it please the Court. My name is Catherine Martin. I represent the government in this appeal, and I also represented the government below in the proceedings before the district court. The just this Court should affirm the district court's conclusion that each of the objects of its three-object conspiracy, it was submitting false vote, conspiring to submit false voter registrations, paid for voter registrations, and a violation of the Travel Act, that the district court properly concluded that each of those objects constitutes a Federal offense. Was this appeal waived? With respect to the extent that the defendant is arguing that there was no Federal nexus, I believe that the argument was, in fact, waived. And that's because we started out with, I think defense counsel conceded that this is not a classic subject matter jurisdiction. That this is nor is it with class. In class, what the defendant did was he said, I absolutely committed that conduct. I agree that that conduct fits within the statute, but I'm challenging the constitutionality of that statute. That is not what this appeal is. The defendant at bottom, what he's saying is the conduct that alleges in the indictment, it does not violate the statute. And that has to go with the statute. No, I don't believe so. You think it's all waived. But the fact is, waived or not, if we go to the merits and agree with you, that also satisfies the government, right? That is true, Your Honor. So even if it is waived, we do believe that we prevail on the merits. And that's because, like I said, we believe. No, even if it is not waived. Excuse me, I'm sorry. Even if it is not waived. We prevail on the merits. So that, it seems to me that whether or not it's waived is an argument that has to be arrived at by looking at the existing case law and trying to see whether or not it covers this situation. And when we don't have a case that's directly on point. That is true. And didn't class also affect a fairly major clarification, I guess, of the prior case law? I know that the government relies on a lot of pre-class case law, distinguishing between jurisdictional claims and non-jurisdictional claims and preserving constitutional claims and so on. But as your adversary points out, we have a couple of post-class cases, including Baldy, which you called to our attention, but also Van Der End. Van Der End, I guess. And that seems to allow for a narrower interpretation of waiver under class. I think it is. But I think class really in its narrowest is preserving constitutional challenges to the statute. I do think that class left open the particular question in this case, which is whether you're challenging, you're saying that the indictment alleges a non-offense. If the conduct alleged falls, does not fall within the Federal statute, I think that's an extension of class, as even defense counsel conceded at the beginning of this. And I think that has huge consequences. But you're saying this is a purely legal question. He's saying that even if I did everything that was alleged in the indictment, that that is not a Federal offense under the statute, and therefore this Court doesn't have jurisdiction to adjudicate it or to adjudicate that as a Federal crime. And that is a claim that we do not lightly treat as waived. In fact, under class, we're required to treat it as preserved. Why is that wrong? I agree. But I think the issue here is the sufficiency of the evidence or the sufficiency with respect to the Federal nexus. And that just might mean that there's no Federal crime, but I do not believe it deprives the district court of jurisdiction to adjudicate or entertain the case. And that's the classic subject matter jurisdiction. You treat it as a 12b-1, 12b-6 kind of thing. This is more akin to that, I think. And I think that's a huge extension of class. I think class leaves open that question. And there's certainly language in class that might suggest that that's the direction the Court is going. I do not think class holds that, and I think that would be an extension of class and go against the precedence of this circuit, like in Rubin and Yousef, where they're talking about a defendant might say, you know, I agree that that's my conduct, but I don't think that conduct fits within the language of the statute. I don't think that's a threat within the meaning of the statute, or I don't think my conduct, you know, I'm a business transactor, like in Rubin. And that really goes, the Court has said those are non-jurisdictional claims that can be waived by an unconditional guilty plea. And I think that is exactly what we have here. Let me ask you this, and this is what is really troubling me in this case. I am fully sympathetic to the notion that Congress, you know, wanted to ultimately protect, I mean, it's a unitary registration state, and it makes perfect sense that if there's a unitary registration procedure, you'd want it to spill over to the Federal election. But the problem I have is with the text of the statute. It says, provided that this provision shall be applicable only to general elections, and then it lists the officers. I don't see how we get to your position with this very specific limitation. Well, Your Honor, there's one reading of the statute, which I think Your Honor, it sounds like, would find unpersuasive, and that's that the provided clause language does not apply to registrations, and it only applies to elections, and therefore it can apply to any registration. But I think more important is when you have the conduct at issue here, the registrations that are being challenged were registrations that were false and paid for, that enabled the registrant to vote in any election, state, local, or Federal, including the enumerated elections in the provided for clause. So I definitely think that there is room to say that the provided clause does, in fact, apply to registrations. No, it's applicable only. That's pretty clear. And then doesn't that run us up against the rule of lenity? I don't think so, because I think this is a very clear statute. I think it's saying it applies to any voter registration or vote where there is where the person, the registration would entitle the registrant to vote in the enumerated Federal elections. But it says also that it applies solely or in part for the purpose of selecting or electing, right? That's correct. That is correct. And that's why in the cases that involve elections, actual voting, they have said numerous courts that have looked at this have said that it does not matter whether the election at issue, as long as there's a Federal candidate on the ballot, it does not matter whether the person's motive was purely to affect the local election. I think so, too, here, because the registration enables somebody to vote where in local, state, and Federal elections, the Federal registry, they are corrupted the minute that election, the voter registration form is filed. As long as you're in a unitary registration. That is true, which is in almost every single state. My understanding is perhaps Mississippi has some registration for purely local elections, but I think in almost every other state. And I don't think the statute would apply if it was registration for a registration that enabled a voter to vote in only local or state elections. And United States versus Lewin, the Seventh Circuit looked at this, and it is similar to this challenge. The defendant said the indictment is defective because it includes a registration for just that goes beyond the enumerated Federal offices, and it also includes registration to vote in state elections. That was the state of Illinois. What's your argument that the election that was corrupted here was either solely or in part for one of these enumerated Federal offices? That is not my argument. The conduct that is the basis for the offense is the voter registration. And I think that the fact that the defendant, there's a really important distinction between voting and voter registration. The conduct at issue here to which the defendant pleaded guilty was corrupting the voter registration process, and that enables him to vote in elections for Federal officers. And I think that puts that with the – even the provided clause puts his conduct within the provided clause. You're drawing that as a distinction between corrupting the registration versus just corrupting the vote. Yes. In this election. And that is a critical – The local matter. Yes, and that is a critical distinction. If we were charging him with corrupting the vote, he could not be charged under this Federal statute. But we are charging corruption in the registration process. And that – although there's no direct Second Circuit precedent on point, which I would also note, this is fairly extraordinary conduct. It's not that surprising. There's not much precedent. The precedent from the other courts that have addressed this, I think, squarely supports the district court's conclusion. I may have missed this, but so is there a New York statute that provides for unitary registration? How does registration – Yes, it's within the New York State Voting Statutes. Okay. And then you have to list your – I saw the form, but I didn't see the statute. So it's a New York statute. I believe it's by statute. I'm not – but I do know that you register to vote, and that registration entitles you to vote. I understand, but I wanted to find the statutory authority that provides for unitary registration. I don't have that site, but I can get that for your honor. Okay. I'm sure we'll be – And motor voter is also part of it, too, the motor voter, which is why there is unitary registration in almost all 50 of the States. Uh-huh. And I just also wanted to touch very briefly on the Travel Act. We also think the district court correctly concluded that the bribery statute in New York State, although not labeled bribery, is a predicate under the Travel Act, and you could just affirm on that ground alone. Okay. Thank you very much. Ms. Martin. I'm going to actually start by trying to concisely answer Judge Walker's question that I didn't concisely answer before. Here's the reason why you shouldn't draw the line where the government is asking you to, because that would swallow the provided language in the statute. If every State has unitary registration now, which we agree it does, then that means that the language provided that this provision shall be applicable only to elections held solely or in part for the purpose of selected candidates to Federal office would become superfluous, irrelevant. It would never apply. Now, you are drawing — you are creating the law for the first time in this area. There is no case from the Supreme Court or any circuit court that says how to define this. And the absence of precedent, I would argue, is not because this is rare. The absence of precedent is precisely because there is a State statute that criminalizes this conduct under State law. And the 10th Amendment — — in a way that affects Federal elections or has the potential to affect Federal elections because of the unitary process. Why doesn't the Federal government need a remedy when those registrations are procured unlawfully? Because, Your Honor, in your very question you said it, because it has the potential to. The statute doesn't deal with potentiality. No, no. But the potential — the harm is done when the registration is filed. Right then, that is a falsely procured registration, and that is the harm. You don't even need to have an election to have — to commit the crime. But then the provided language in the statute that all of the legislators agreed, Congress agreed when it enacted the statute, was necessary to protect it from being unconstitutional, would become superfluous. Because this would apply in every case. Well, you could read it as affecting the election and the procurement of votes in elections, as opposed to registration. So there's an alternative reading, correct? There is, of course. And what I'm suggesting is this Court is going to, in this case, define that boundary. So my suggestion, consistent with all of the case law that exists on this topic, is that the boundary be defined in this way to create the nexus and also to protect the Federal Government's interests. I would define it as, for purposes of the vote, it's necessary that at least one candidate be on the ballot, Federal candidate. Wait, wait, wait. Are you talking about the vote or registration? I'm just giving the whole thing. For purposes of the vote, define the statute. That purpose motive is irrelevant. What's necessary is that there just be one candidate for Federal office. For purposes, however, of registration, you at the very least need to have the purpose to influence a Federal election, because otherwise it will extend to every single possible claim, and the provided by language, the clear language of the statute is superfluous. Excuse me, Your Honor? In States where there's unitary registration. But that's every State in the United States. There is none where there isn't. That's the problem. It would swallow the rule. All right. Thank you very much. Thank you. We have the arguments well argued, and we'll take the matter under advisement.